SAMUEL BRESS, EVELYN BRESS, HARRY MATLIN, AMELIA MATLIN AND EDWARD G. RUBINOFF, CO-PARTNERS, T/A RUBINOFF ASSOCIATES, PLAINTIFFS-RESPONDENTS, v. L. F. DOMMERICH & CO., INC., ETC., DEFENDANT-APPELLANT, AND A. J. ARMSTRONG CO., INC., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 6, 1967—Decided March 17, 1967.

Before Judges LEWIS, LABRECQUE and CARTON.

*Mr. Walter J. Bilder* argued the cause for appellant (*Messrs. Bilder, Bilder, Silver & McCurley,* attorneys).

*Mr. Samuel L. Shapiro* argued the cause for respondents (*Messrs. Shapiro, Brotman, Eisenstat and Capizola,* attorneys for plaintiffs-respondents; *Messrs. Epstein, Fluharty & Freeman,* attorneys for defendant-respondent; *Mr. Gerald M. Eisenstat,* on the joint brief for respondents).

The opinion of the court was delivered by

Lewis, J. A. D. This is an unusual situation in which defendant L. F. Dommerich & Co., Inc., appeals from a judgment declaring that its chattel mortgage constituted a valid first lien upon certain machinery and equipment. The declaratory judgment suit instituted by plaintiffs sought a determination of the rights of the parties in and to said machinery and equipment. Dommerich, the prevailing party, now contends that the judgment should be reversed since the action became non-adversary at or before trial and the court thereafter lacked jurisdiction. Apparently, Dommerich wishes to erase the judgment in its favor in order to further a different position taken in other pending litigation.

■■ We hold that, at the time of the instant trial, there was a controversy raised by the pleadings; justiciable claims involving the rights of plaintiffs and defendants were properly before the court; the issues were neither future, contingent nor uncertain; and, accordingly, the trial court had the requisite jurisdiction to resolve those issues. See *New Jersey Turnpike Authority v. Parsons,* 3 *N. J.* 235, 239–240 (1949); *Hungerford & Terry, Inc. v. Geschwindt,* 24 *N. J. Super.* 385, 393 (*Ch. Div.* 1953), affirmed *per curiam* 27 *N. J. Super.* 515 (*App. Div.* 1953); *N. J. Home Builders Ass'n v. Division on Civil Rights,* 81 *N. J. Super.* 243, 250–251 (*Ch. Div.* 1963), affirmed *sub nom. David v. Vesta Co.,* 45 *N. J.* 301 (1965). As this court said in *Sperry & Hutchinson Co. v. Margetts,* 25 *N. J. Super.* 568, 577 (*App. Div.* 1953), affirmed 15 *N. J.* 203 (1954), "Where a concrete, contested issue is presented, and there is a definite assertion of legal rights on the one side and a positive denial thereof on

the other, there exists a 'justiciable controversy,' justifying maintenance of an action for declaratory judgment."

That the prevailing party now seeks to be relieved of its success in the trial court does not negative the existence of an actual controversy at that time. Nor did the proceeding cease to be adversary, depriving the court of jurisdiction, when counsel for Dommerich declined to attend the trial. The presiding judge explained for the benefit of the record:

"This morning before we came on the bench, the Court made a telephone call to the Bilder office and asked to talk to Mr. Walter Bilder, Sr. Mr. Walter Bilder, Sr. [counsel for defendant Dommerich] spoke to the Court and stated that he was not coming down, that they were abandoning their interest, or maybe I am not using the word correctly, but *he felt that his situation was sufficiently delineated in the responsive pleadings.* I advised him that since this Court is sitting in the nature of a judge that has concurrent jurisdiction, both in law and equity, and in reading this unusual file and all the pleadings that have been filed and in preparation of hearing the testimony that is to proceed today, it sort of struck the Court by way of observation that perhaps this Court may be called upon to absolutely sit in the nature of equity, because there is a question of corporations and stockholders, and there may be the question of even piercing the corporate veil, and I suggested *to him that I* thought it was important for either he or any member of his firm be here. He disagreed.

However, *he stated would I permit him to file a brief of whatever finding I may be compelled to file.* Certainly I have no objection to the filing of a brief." (Emphasis supplied)

Defendant urges that a judgment may "not go beyond the issues raised by the pleadings," *Scott v. Stewart, 2 N. J.* 508, 512 (1949), and "in the absence of a pleaded controversy" between the parties, any judgment against either is "a nullity." *Chirelstein v. Chirelstein, 8 N. J. Super.* 504, 518 (*Ch. Div.* 1950), modified on other grounds 12 *N. J. Super.* 468 (*App. Div.* 1951). But these rules have no application when, on their face, the pleadings presented a controversy and the first argument to the contrary is made in the appellate proceeding.

The various pleadings filed by Dommerich controverted plaintiffs' alleged ownership. Its answer to the original com-

plaint stated that "defendant denies that plaintiffs are the owners of the items of equipment" referred to in the complaint. By way of counterclaim against plaintiffs and cross-claim against other defendants, Dommerich asserted that:

"* * * plaintiffs are not entitled to assert title to said machinery and equipment and are estopped from contesting the right of defendant to claim that the said chattel mortgage is a lien upon said machinery and equipment and that defendant is entitled to foreclose said chattel mortgage as a lien upon said machinery and equipment."

Plaintiffs filed an answer to the counterclaim, contesting defendant's allegations.

Thereafter, solely for the purpose of bringing in an additional party defendant, plaintiffs filed an "amended complaint." Dommerich's answer again contested plaintiffs' ownership: "* * * defendant alleges that plaintiffs are not the owners of the said machinery and equipment and do not have any right, title or interest in or to the said machinery and equipment."

Dommerich never sought leave to amend or withdraw its pleadings, nor did counsel appear at the trial in order to argue or state for the record the jurisdictional objection urged on this appeal. Indeed, as previously indicated, the trial judge was not, prior to the hearing, made aware of any jurisdictional contention which would undermine the clear controversy demonstrated by the record before him.

There is no merit to defendant's argument that, by not asserting a counterclaim in its answer to the "amended complaint," it abandoned any interest adverse to plaintiffs. That answer was directed to plaintiffs' assertion that the new party defendant "claims or may claim an interest in said equipment." As such, it reasserted the position taken in the original answer and left unaffected the counterclaim. A trial court cannot be expected to divine the abandonment of a claim of right by implication from a pleading apparently consistent with previous pleadings.

The award of declaratory relief is ordinarily a matter resting in the discretion of the trial court. *Utility Blade & Razor Co. v. Donovan,* 33 *N. J. Super.* 566, 570 (*App. Div.* 1955); *In re Badenhop,* 61 *N. J. Super.* 526, 533 (*Cty. Ct.* 1960); *In re Seabrook,* 90 *N. J. Super.* 553, 558 (*Ch. Div.* 1966). As our Supreme Court has observed in *Untermann v. Untermann,* 19 *N. J.* 507 (1955):

"Justice and equity do not require an equity court to act in a factual vacuum. Equities arise and stem from facts which call for relief from the strict legal effects of given situations. A litigant should fully disclose in its pleadings the actual factual and legal situation whether the relief is sought under the general equity jurisdiction or under the Declaratory Judgment Act. It would be an anomaly if the hands of an equity court should be circumscribed by a deliberately restricted pleading which fails to disclose the true situation. Condonation by the court of such conduct would not be instrumental in the preservation of justice and the integrity of the court." (at *p.* 518)

Were we to recognize Dommerich's jurisdictional contentions on appeal, we would place our *imprimatur* upon a practice designed to subvert the judicial proceeding. This we should not do. *Cf. Roberts Elec., Inc. v. Foundations & Excavations, Inc.,* 5 *N. J.* 426, 432 (1950). On the record before the trial court the case presented a controversy between adverse interests and it was a proper exercise of judicial discretion to grant the declaratory judgment.

The judgment, insofar as it determines the legal and equitable rights of the parties in and to the property in controversy, is affirmed substantially for the reasons stated in the opinion of the trial court.